UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| AMANDA NICHOLS | ) ) |
| Intervenor Plaintiff, | ) ) |
| vs. | ) No. 4:04CV880-SNL |
| STEAK 'N SHAKE OPERATIONS, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff and Intervenor have filed motion to quash subpoenas which is opposed by defendant. In response to the problem, the Court held an informal telephone conference, off the record, on November 4, 2005. Present were C. Felix Miller, Jr. for plaintiff, Jonathan Berns and Jerome Dobson for the Intervenor and Benjamin Westhoff for defendant.

Although two subpoenas had been issued, only one was the subject of the controversy. The subpoena was dated October 13, 2005 and directed to Custodian of Records Cingular Wireless, West Palm Beach, Florida. The request of Cingular was to produce "All records for cell phone services provided to Kevin Tobin and/or Carla Tobin, 336 Arbor Glen Dr., Ballwin,

Missouri 63021 including billing records reflecting the phone numbers of all incoming and outgoing calls."

Plaintiff and Intervenor urge the Court to quash the subpoena for the reasons that it was not timely issued and was too broad. Apparently, Amanda Nichols, for whom the suit is being brought by Plaintiff was employed by defendant between June and September 2002. A charge of discrimination is urged.

During the telephone conversation, the Court indicated concern about standing to challenge the subpoena. Cingular Wireless, to whom the subpoena is directed, is not a party to the litigation. There is nothing in the record to indicate that Cingular objects to the subpoena. Accordingly, the Court determines that Plaintiff and Intervenor lack standing to challenge this subpoena. EEOC v. Danka Indus., Inc., 990 F. Supp. 1138, 1141 (E.D. Mo. 1997). Since these parties do not have standing, their objection cannot be made, even assuming the subpoena was untimely.

Nonetheless, the Court, on its own motion, believes that the subpoena is too broad. During the conversation, counsel for defendant indicated that defendant would waive any right to the records subject to the subpoena before June 1, 2002.

Defendant asserts that Cingular has indicated that phone records for Amanda Nichols were maintained under the accounts of her parents, Kevin and Carla Tobin, apparently, because Nichols was a minor. It would appear, therefore, that a subpoena directed to Kevin and Carla Tobin could produce relevant evidence or lead to the production of such evidence.

**IT IS THEREFORE ORDERED** that the motion to quash is **GRANTED** in part and **DENIED** in part as follows:

1.      The motion is **GRANTED** as to any records of cell phones before June 1, 2002;

2.      The motion is **SUSTAINED** as to those records from June 1, 2002 to the date of the taking of the deposition of Amanda Nichols.  Cingular shall only be required to produce cell phone records of Amanda Nichols used through her parents, Kevin Tobin and/or Carla Tobin, during the time frame allowed.  No other cell phone records of Kevin Tobin and/or Carla Tobin will be required to be produced.

Dated this   8th   day of November, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE